UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| FLIGHT VEHICLES CONSULTING, INC., et al., | No. C 12-01183 CW (LB) |
| Plaintiffs, et al., | **REPORT AND RECOMMENDATION** |
| v. | [Re: ECF Nos. 13, 17] |
| UNITED STATES, et al., | |
| Respondents. | |

## I. INTRODUCTION

Flight Vehicles Consulting, Inc. ("FVC"), Robert Manashi, and Nahrin Manashi (collectively, "Petitioners"), all of whom are proceeding *pro se*, filed a petition to quash Internal Revenue Service ("IRS") summonses that have been issued to four third-party banks and seek certain records related to Petitioners. The United States of America ("United States"), the IRS, IRS Revenue Agent Carlos Aguilar, and IRS Revenue Agent Damon Maxey (collectively, "Respondents") filed a motion to dismiss the petition. The district court referred Respondents' motion to the undersigned for a report and recommendation. Upon consideration of the papers submitted and the applicable legal authority, the court **RECOMMENDS** that the district court grant Respondents' motion.[1]

---

[1] Pursuant to this district's Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument.

## II. BACKGROUND

Robert Manashi and Nahrin Manashi are the sole shareholders of FVC. Amended Petition to Quash, ECF No. 4 at 2.[2] FVC is a Subchapter S corporation, *id.*, which means that FVC's income or loss flows through to Robert Manashi and Nahrin Manashi, who are required to report the income or loss on their federal income tax returns.[3] On February 27, 2012, IRS Revenue Agent Carlos Aguilar issued a summons to Wells Fargo Bank, N.A., requesting documents related to FVC. Amended Petition to Quash, ECF No. 4 at 5. The summons seeks, for the period January 1, 2006 through December 31, 2007, records related to three bank accounts related to FVC. *Id.*[4] That same day, IRS Revenue Agent Damon Maxey issued summonses to three banks—Union Bank of California; Bank of America, N.A.; and Pacific Valley Bank—seeking, also for the period January 1, 2006 through December 31, 2007, records related to accounts in the name of, or held in the benefit for, Robert Manashi and Nahrin Manashi. *Id.* at 6-11.[5]

On March 9, 2012, Petitioners filed a petition asking the court to quash the summons issued to Wells Fargo Bank, N.A. Petition to Quash, ECF No. 1. And on March 16, 2012, Petitioners filed an

---

[2] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

[3] Subchapter S of the Internal Revenue Code, 26 U.S.C. §§ 1361-79, allows a single tax on the shareholders of a corporation upon the distribution of income, as opposed to the double taxation (first at the corporate level and then again at the shareholder level) that is possible for "C" corporations. *See Candyce Martin 1999 Irrevocable Trust v. United States*, 822 F. Supp. 2d 968, 976 (N.D. Cal. Oct. 6, 2011).

[4] The summons provides that these records should include: (1) copies of signature cards; (2) deposit tickets/slips and copies of deposited checks (including ATM deposited items); (3) bank statements, including all other related accounts held in the name of or benefit of FVC; (4) cash declaration receipts; (5) loan documents, financial statements, and loan application statements; and (6) money orders and wires (including telephone and online transfer) of funds (to and from) along with related documents disclosing source of funds (bank account number and originator's name), and the destination of funds with related correspondence. Amended Petition to Quash, ECF No. 4 at 5.

[5] The summonses provide that the records should include: (1) deposit tickets/slips; (2) images of deposited items; (3) wire transfers; (4) signature cards; and (5) monthly statements. Amended Petition to Quash, ECF No. 4 at 6-11.

C 12-01183 CW (LB)
REPORT AND RECOMMENDATION
2

amended petition asking the court to quash the summonses issued to Union Bank of California, Bank of America, N.A., and Pacific Valley Bank, as well. Amended Petition to Quash, ECF No. 4.

The case initially was assigned to the undersigned. *See* Petition to Quash, ECF No. 1. The case was reassigned to Judge Wilken on March 30, 2012. Order Reassigning Case, ECF No. 10. On April 3, 2012, Judge Wilken referred the Amended Petition to Quash (and any other discovery matters in the case) back to the undersigned for resolution. Order Referring Case, ECF No. 11. The undersigned denied without prejudice the Amended Petition and directed the parties to comply with the undersigned's standing order and to submit an informal letter regarding how best to proceed. Notice of Referral, ECF No. 12.

Rather than doing this, on May 3, 2012, Respondents filed a motion asking Judge Wilken to dismiss the Amended Petition and to enforce the summonses. Motion, ECF No. 13. Judge Wilken referred Respondents' motion to the undersigned for a report and recommendation. Order of Reference, ECF No. 17. Under this district's local rules, Petitioners' opposition to the motion to dismiss was due by May 21, 2012. N.D. Cal. Civ. L.R. 7-3(a); *see* Fed. R. Civ. P. 6(a), (d). They did not file one, so on June 1, 2012, the undersigned ordered Petitioners to file an opposition to the Respondents' motion to dismiss no later than June 14, 2012. Petitioners filed an opposition on June 12, 2012. Opposition, ECF No. 19. They explained that they thought they were supposed to send their response directly to Defendants—which they apparently did by letter dated May 24, 2012—and they attached this letter to their opposition as well. *Id*. at 8-10. Respondents filed a reply on June 19, 2012, Reply, ECF No. 20, and Petitioners filed—without the undersigned's permission—a sur-reply on June 29, 2012, Sur-Reply, ECF No. 22.[6]

### III.  LEGAL STANDARD

26 U.S.C. § 7601 directs the IRS to inquire as to the tax liability of persons who may be liable to pay any internal revenue tax. In turn, Section 7602 authorizes the IRS to issue a summons relevant to the investigation of any taxpayer's liability. 26 U.S.C. § 7602. Summons may be issued for the

---

[6] Under this district's civil local rules, once a reply is filed, except under certain limited circumstances, no additional memoranda, papers, or letters may be filed without prior court approval. *See* N.D. Cal. Civ. L.R. 7-3(d).

UNITED STATES DISTRICT COURT
For the Northern District of California

purposes of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or . . . collecting any such liability." 26 U.S.C. § 7602(a); *see also Crystal v. United States*, 172 F.3d 1141, 1143 (9th Cir. 1999) (quoting 26 U.S.C. § 7602(a)). To enforce a summons, the IRS must establish a *prima facie* case for enforcement by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already in the IRS's possession; and (4) satisfies all of the administrative steps set forth in the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48 57-58 (1964).[7] "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met." *Crystal*, 172 F.3d at 1144. "The burden is minimal because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." *Id.*

Once the government has met its burden in establishing the *Powell* elements, if the taxpayer chooses to challenge the enforcement, he or she bears a heavy burden to show an abuse of process or lack of good faith on the part of the IRS. Indeed, "[e]nforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses." *Id.* "The taxpayer must allege specific facts and evidence to support his allegations' of bad faith or improper purpose." *Id*

While the government's burden is not great, it is not necessarily satisfied by an agent's mere assertion of relevance. *United States v. Goldman*, 637 F.2d 664, 667 (9th Cir. 1980). Once a summons is challenged, it must be scrutinized by the court to determine whether it seeks information relevant to a legitimate investigative purpose, and the court may choose either to refuse enforcement or narrow the scope of the summons. *Id.* at 668.

## IV. DISCUSSION

A. Proper Party

As an initial matter, Respondents argue that Petitioners improperly named the IRS, Agent Aguilar, and Agent Maxey as parties to this action. Motion, ECF No. 13 at 1 & n.1. As they

---

[7] The same standard articulated in *Powell* applies regardless of whether the proceeding is one to quash or to enforce the summons. *See Crystal*, 172 F.3d at 1143-44.

explain, the IRS, as an agency of the United States, and Carlos Aguilar and Damon Maxey, individually, cannot be sued *eo nomine*, absent the express consent of Congress. *See City of Whittier v. United States Dep't of Justice*, 598 F.2d 561, 562 (9th Cir. 1979) ("It is well established that federal agencies are not subject to suits [*e*]*o nomine* unless so authorized by Congress in 'explicit language.'") (quoting *Blackmare v. Guerre*, 342 U.S. 512, 515 (1952)); *Castleberry v. Alcohol, Tobacco & Firearms Div. of Treasury Dept.*, 530 F.2d 672, 673 n.3 (5th Cir. 1976) (stating that Congress has not authorized suits against the Department of the Treasury or any of its divisions or branches); *see also Winslow v. I.R.S.*, 2012 WL 28951, at *1-2 (D. Nev. Jan. 5, 2012) (dismissing the IRS and two IRS employees as defendants and substituting the United States as the proper defendant). The court therefore **RECOMMENDS** that the IRS, Agent Aguilar, and Agent Maxey be dismissed as Respondents to this action.

B. The *Powell* Factors

The first *Powell* factor requires Respondents to show that the summonses are issued for a legitimate purpose. To establish a legitimate purpose, Respondents must demonstrate that the summonses have been issued for one of the purposes listed in 26 U.S.C. § 7602(a): "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability." Here, Agent Aguilar and Agent Maxey both have declared that they issued the summonses to determine the Robert Manashi's and Nahrin Manashi's 2006 and 2007 federal income tax liability and to ascertain the correctness of their 2006 and 2007 federal tax returns. *See* Aguilar Declaration, ECF No. 13-1 at 1-2, ¶¶ 2, 4-6; Maxey Declaration, ECF No. 13-2 at 1-2, ¶¶ 2, 4-6. These declarations satisfy Respondents' burden to establish this factor. *Crystal*, 172 F.3d at 1144.[8]

---

[8] Petitioners argue that the statute of limitations has run and bars the IRS from assessing their 2006 and 2007 income tax returns, so any inquiry into them is not a legitimate purpose. Opposition, ECF No. 19 at 9. While it is true that the IRS generally has three years from the date a tax return is filed to do an assessment, 26 U.S.C. § 6501(a), exceptions exist to this rule. For instance, the IRS may conduct an assessment within six years from the date a tax return is filed if the taxpayer omits from gross income an amount properly included therein that is in excess of 25% of the amount of

1   The second and third *Powell* factors require Respondents to show that the summonses seek
2   information relevant to their legitimate purpose and that the information is not already in the IRS's
3   possession.  Petitioners do not contend that these factors are not met, and upon review of the papers
4   submitted, the court finds that they are.  Because FVC is an S Corporation, FVC's income or loss
5   flows through to Robert Manashi and Nahrin Manashi, who are required to report the income or loss
6   on their federal income tax returns.  The summonses seek information related to FVC's, Robert
7   Manashi's, and Nahrin Manashi's income during 2006 and 2007, and the IRS is not in possession of
8   it.  *See* Amended Petition to Quash, ECF No. 4 at 5-11; Aguilar Declaration, ECF No. 13-1 at 2, ¶¶
9   4, 6; Maxey Declaration, ECF No. 13-2 at 2, ¶¶ 4, 6.

10   The fourth *Powell* factor requires Respondents to establish that they have satisfied all of the
11   administrative steps set forth in the Internal Revenue Code.  Agent Aguilar and Agent Maxey both
12   declare that all administrative steps have been met, Aguilar Declaration, ECF No. 13-1 at 2, ¶ 6;
13   Maxey Declaration, ECF No. 13-2 at 2, ¶ 6, and there is no indication that the summonses were not
14   properly served on the banks or that Petitioners did not receive notice of them, *see* 26 U.S.C. §§
15   7603(b), 7609(a).[9]  Respondents, then, have met their burden with respect to the fourth *Powell*
16   factor.

17   C.  Petitioners' Contention that the Agents Acted in Bad Faith

18   Petitioners' primary argument against the enforcement of these summonses is that Agent Aguilar
19   and Agent Maxey acted in bad faith.  Petitioners do not contend that the audit is being conducted to
20   harass them or to put pressure on them to settle a collateral dispute, which are the more traditional

---

22   gross income stated in the return.  26 U.S.C. § 6501(e)(1)(A).  Because this possibly-applicable
23   statute of limitations has not yet run, this is not a basis to conclude that Respondents did not meet
    the first *Powell* factor.

25   [9] In their opposition, Petitioners argue that Agent Aguilar and Agent Maxey failed to
    properly identify themselves to employees of Pacific Valley Bank on October 3, 2011 and that this
26   constitutes a violation of the administrative steps required by 26 U.S.C. § 7602(a)(1).  *See*
    Opposition, ECF No. 9.  The court does not see how Agent Aguilar's and Agent Maxey's alleged
27   conduct violates any requirements set forth in 26 U.S.C. § 7602, and the court believes that
    Petitioners' argument is properly considered separately from the fourth *Powell* factor.  Therefore,
28   the court will consider Petitioners' argument in Part IV., C. of this order.

examples of bad faith. *See Powell*, 379 U.S. at 58. Instead, according to Petitioners, the following occurred: Agent Maxey made a telephone call to Pacific Valley Bank on October 3, 2011 and identified himself as an employee of the Federal Deposit Insurance Corporation ("FDIC") rather than as an IRS agent.[10] Opposition, ECF No. 19 at 2. Agent Maxey inquired about a particular record relating to Robert Manashi, and left his telephone number so that another bank employee could call him back to discuss the matter further. *Id*. Shortly thereafter, Agent Aguilar made a telephone call to the bank. *Id*. Agent Aguilar stated that the bank employee had just spoken to his co-worker Agent Maxey (implying that Agent Aguilar also worked for the FDIC), and he provided the bank employee with a different telephone number than the one Agent Maxey left. *Id*.

Respondents contest this story. Agent Aguilar and Agent Maxey both submitted declarations that when they contacted Pacific Valley Bank, they identified themselves as IRS agents and did not state or imply that they worked for the FDIC. Aguilar Declaration, ECF No. 13-1 at 2, ¶ 9; Maxey Declaration, ECF No. 13-2 at 2, ¶ 9. Respondents suggest that any belief otherwise likely is the result of mis-communication because the agents had no reason to identify themselves as FDIC employees, rather than IRS agents. Reply, ECF No. 20 at 3.

Regardless, Respondents argue that any misidentification does not demonstrate bad faith on the part of Agent Aguilar or Agent Maxey. In order to make a showing of bad faith, "a taxpayer must 'do more than allege an improper purpose'; 'some evidence' must be introduced to support the allegations made." *United States v. Samuels, Kramer & Co.*, 712 F.2d 1342, 1347 (9th Cir. 1983) (quoting *United States v. Church of Scientology*, 520 F.2d 818, 824 (9th Cir. 1975)). "Such a showing requires that the party provide specific facts and evidence, and not mere 'conclusory allegations,' that the summons was issued in bad faith." *United States v. Tanoue*, 94 F.3d 1342, 1346 (9th Cir. 1996) (quoting *Church of Scientology*, 520 F.2d at 824-25).

The gist of Petitioners' argument is that they do not trust Agent Aguilar and Agent Maxey and that the integrity of the audit has been compromised, but they do not support this conclusory

---

[10] Petitioners submit an unsworn (but notarized) letter from two Pacific Valley Bank employees in support of their version of the events on October 3, 2011. *See* Opposition, ECF No. 19 at 6-7.

C 12-01183 CW (LB)
REPORT AND RECOMMENDATION
7

allegation with anything that actually evidences bad faith. Significantly, they do not identify in any compelling way how the purported misidentification forwards any improper purpose. True, they state that the improper purpose was "to gain access to records and/or information in a manner that would avoid legal challenge," Sur-Reply, ECF No. 22, but this does not make sense. As IRS agents, they already are able to issue summons for the relevant information they seek; they do not need to pose as FDIC employees to get it. Moreover, Petitioners' theory is circular: Agent Aguilar and Agent Maxey misidentified themselves to avoid legal challenge to their information requests, but in doing so, created the only basis for Petitioners' legal challenge to their information requests? Simply put, the court is nor persuaded that either agent acted in bad faith or otherwise suggested that their audit is improper. Petitioners' challenge on this basis fails.

## V.  CONCLUSION

For the reasons stated above, the court **RECOMMENDS** that the district court grant Respondents' motion to dismiss Petitioners' Amended Petition and to enforce the IRS summonses issued by Agent Aguilar and Agent Maxey.

Any party may file objections to this Report and Recommendation with the district judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72. Failure to file an objection may waive the right to review of the issue in the district court.

**IT IS SO ORDERED.**

Dated: July 18, 2012

LAUREL BEELER
United States Magistrate Judge